**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATHAN PEACHEY,** | : | |
| **Petitioner** | : | **No. 1:26-cv-01560** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **WARDEN P. SAGE,** | : | |
| **Respondent** | : | |

<u>**MEMORANDUM**</u>

Currently before the Court are pro se Petitioner Nathan Peachey ("Peachey")'s petition

for a writ of habeas corpus under 28 U.S.C. § 2241, "Amended Motion for Party Joinder," and

"Motion for PR Bond."  For the reasons stated below, the Court will dismiss Peachey's Section

2241 petition and deny his other motions as moot.

**I.      BACKGROUND**

On November 23, 2021, a jury sitting in the United States District Court for the District

of South Dakota ("DSD") convicted Peachey of one count of conspiracy to commit wire fraud

(18 U.S.C. §§ 1343, 1349), one count of conspiracy to launder monetary instruments (18 U.S.C.

§ 1956(a)(1)(B)(i), (h)), nine counts of laundering of monetary instruments (and aiding and

abetting) (18 U.S.C. §§ 2, 1956(a)(1)(B)(i)), and one count of conspiracy to obstruct, influence,

or impede an official proceeding (18 U.S.C. § 1512(c)(2), (k)).  See United States v. Peachey,

No. 19-cr-40097-2 (S.D. <u>filed</u> Nov. 5, 2019) ("<u>Peachey I</u>"), ECF No. 226.  On February 14,

2022, the DSD sentenced Peachey to an aggregate period of confinement for 300 months, to be

followed by three years of supervised release.  See <u>id.</u>, ECF No. 299 at 2, 3.  The DSD also

imposed restitution totaling approximately $11.8 million.  See <u>id.</u>, ECF No. 299 at 6.[1]

_____

[1]  Following sentencing, the Government filed a motion seeking an order amending Peachey's
criminal judgment because it did not refer to the forfeiture of two items which should have been

Peachey then filed a timely appeal to the Eighth Circuit Court of Appeals, see id., ECF No. 301, and the Eighth Circuit affirmed Peachey's amended criminal judgment on March 16, 2023. See id., ECF Nos. 366, 367; United States v. Peachey, No. 22-1324, 2023 WL 2531719 (8th Cir. Mar. 16, 2023) (unpublished). On June 24, 2024, Peachey filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 with the DSD. See Peachey I, Unnumbered ECF No. Between ECF Nos. 376 & 377; Peachey v. United States, No. 24-cv-04116 (S.D. filed June 24, 2024) ("Peachey II"), ECF No. 1. The Government filed a motion to dismiss Peachey's Section 2255 motion on March 12, 2025. See Peachey II, ECF No. 67. On May 12, 2026, the DSD issued an Order which, inter alia: (1) adopted a Report and Recommendation that recommended that the DSD grant the Government's motion to dismiss; (2) granted the Government's motion to dismiss; (3) dismissed Peachey's Section 2255 motion without an evidentiary hearing; and (4) declined to issue a certificate of appealability. See id., ECF Nos. 91, 101, 102. To date, Peachey has not appealed from this Order.[2]

Peachey then commenced the instant action by filing his Section 2241 habeas petition, which the Clerk of Court docketed on June 8, 2026. (Doc. No. 1.) Peachey indicates in his petition that, inter alia, (1) he is currently incarcerated at United States Penitentiary Lewisburg while serving his sentence imposed by the DSD; (2) he has a pending Section 2255 motion with the DSD; and (3) his Section 2255 motion has remained pending for a year. See (id. at 2). For

---

included. See id., ECF No. 306 at 1. The district court granted the motion and issued an amended judgment on February 17, 2022. See id., ECF Nos. 307, 309. The amended judgment did not alter Peachey's term of incarceration, term of supervised release, or amount of restitution owed. See id., ECF No. 309 at 2, 3, 6.

[2] On June 22, 2026, the DSD Clerk of Court resent the Order to Peachey at Federal Correctional Institution Fort Dix ("FCI Fort Dix") because the Federal Bureau of Prisons' Inmate Locator showed that he was currently incarcerated in that facility. See id., ECF No. 103 & Unnumbered ECF No. After ECF No. 103.

relief, Peachey seeks an order directing that he appear before this Court so he can argue the unlawfulness of his imprisonment.  See (id. at 2).[3]

Peachey also filed an "Amended Motion for Party Joinder," which the Clerk of Court docketed on June 23, 2026.  (Doc. No. 4.)[4]  He did not file a brief with his motion.  He has, however, now filed a "Notice of Felony Under 18 USC [sic] 4" (Doc. No. 5), two supplements to his submissions (Doc. Nos. 6, 7), an exhibit (Doc. No. 8), and a "Motion for PR Bond" (Doc. No. 9), all of which the Clerk of Court docketed on June 25, 2026.

## II.    LEGAL STANDARDS

### A.    Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."); see also R. 4(b), 28 U.S.C. foll. § 2255 ("The judge who receives the motion must promptly examine it.").  Rule 4 may be applied in habeas cases brought under Section 2241.  See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).").  "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also McFarland v. Scott,

---

[3]  According to the Federal Bureau of Prisons' Inmate Locator (https://www.bop.gov/inmateloc/), Peachey has an anticipated release date of January 16, 2042.

[4]  It is unclear why Peachey filed an "amended" motion given that he did not previously file a motion for joinder.

512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

B.    Section 2241 Habeas Petitions

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." See Woodall, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).

III.    DISCUSSION

Federal prisoners such as Peachey seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255 in the federal district court in which they were sentenced. See 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (citing Davis v. United States, 417 U.S. 333, 343 (1974))). Federal prisoners may only challenge their conviction through a Section 2241 habeas petition if a Section 2255 motion is "inadequate

or ineffective to test the legality of [their] detention." See 28 U.S.C. § 2255(e); see also Jones v. Hendrix, 599 U.S. 465, 474 (2023) (explaining that in enacting Section 2255 "Congress generally barred federal prisoners 'authorized to apply for relief by motion pursuant to' § 2255 from applying 'for a writ of habeas corpus' under § 2241[, but it]preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention'" (second alteration in original) (quoting 28 U.S.C. § 2255(e))).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," a Section 2241 habeas petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording [them] a full hearing and adjudication of [their] wrongful detention claim." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." See id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In this case, Peachey asserts a right to Section 2241 habeas relief because the District of South Dakota "breached its fiduciary responsibility to the public trust, hence [his Section 2255] case is in probate and the case is in abeyance for almost a year." See (Doc. No. 1 at 2). Due to this alleged delay, Peachey contends that the District of South Dakota is "not available to [him] for relief." See id.

Through these arguments, Peachey falls far short of demonstrating that his Section 2255 motion in the DSD is "inadequate or ineffective." See 28 U.S.C. § 2255(e). Neither the United States Supreme Court nor the Third Circuit Court of Appeals has determined that "an inordinate

delay in obtaining a ruling on a § 2255 motion might, under some circumstances, render a remedy under that section inadequate or ineffective." See McCarthy v. Dir. of Fed. Bureau of Prisons, 245 F. App'x 118, 120 (3d Cir. 2007) (unpublished).[5]  Nevertheless, assuming, arguendo, that an inordinate delay might render a Section 2255 remedy inadequate or ineffective, Peachey's arguments about an alleged delay are moot due to the DSD's dismissal of his Section 2255 motion.[6]  Furthermore, Peachey may not seek Section 2241 relief merely because he did

---

[5] In McCarthy, the Third Circuit "assume[d] . . ., without deciding, that an inordinate delay in obtaining a ruling on a § 2255 motion might, under some circumstances, render a remedy under that section inadequate or ineffective." See 245 F. App'x at 120 (citing Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1965) and United States v. Pirro, 104 F.3d 297, 300 (9th Cir. 1997)). Other courts of appeals have concluded that an inordinate delay in considering a Section 2255 motion may result in an inadequate or ineffective Section 2255 remedy. See Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010) (noting that there are "only a few circumstances suggested by courts of appeal as rendering § 2255 inadequate or ineffective: . . . [such as] inordinate delay in considering[] the § 2255 motion" (citing Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999))).

[6] Even if Peachey's Section 2255 motion was still pending, a Section 2241 petitioner cannot complain about a delay in resolving their Section 2255 motion when they are at least partially responsible for the delay due to their tactics in litigating the motion. See, e.g., McCarthy, 245 F. App'x at 120 ("A review of the District of Connecticut docket number 92-cr-00070 reveals that any 'delay' in obtaining a ruling on McCarthy's § 2255 motion is largely of his own making."); Cox v. United States, No. 23-3966, 2024 WL 4948683, at *2 (6th Cir. Apr. 17, 2024) (unpublished) (explaining that "no authority suggests that we should permit a petitioner to seek review in another district court under § 2241 when the petitioner . . . was responsible for much of the delay," and pointing out that the court's "[r]eview of the docket sheet in [the petitioner's] § 2255 action suggests that he has contributed to the delay in no small part due to his plethora of filings that required action from the district court or the government"); Cole v. Keyes, No. 22-3018, 2023 WL 4234403, at *2 (7th Cir. June 28, 2023) (unpublished) ("Even if we assumed that unfairly delayed § 2255 proceedings in one district court could lead to habeas corpus review in another—an unlikely assumption after Jones—Cole himself is responsible for much of the asserted delay here. After filing his collateral attack in late 2019, he followed up with a stream of supplemental filings requiring action from the court or government . . . ."). Here, Peachey filed a plethora of motions, notices, and other submissions after filing his Section 2255 motion, and these submissions included, inter alia, a motion for recusal, purported supplements or amendments to Peachey's Section 2255 motion, motions seeking various forms of discovery, and a motion seeking an extension of time to file objections to the Report and Recommendation (which was granted). See Peachey II, ECF Nos. 7, 11–17, 19, 23, 28–29, 32–34, 37–39, 42–44, 47–49, 52–53, 56–58, 61–65, 69–76, 79–90, 92, 95–98, 100.  He also filed numerous

not obtain the relief he sought in the DSD.  See Cradle, 290 F.3d at 539 (explaining that Section

2255 "is not inadequate or ineffective merely because the sentencing court does not grant

relief").

To the extent that Peachey seeks to challenge the legality of his South Dakota convictions

and sentence, he must continue to pursue his challenge in the DSD or, if proper, the Eighth

Circuit and United States Supreme Court.  Because Peachey fails to show that a remedy under

Section 2255 is inadequate or ineffective, this Court lacks jurisdiction to decide his petition.

Accordingly, because Peachey's claim is not cognizable in a Section 2241 habeas corpus

petition, the Court will dismiss his petition without prejudice for lack of subject-matter

jurisdiction and will deny as moot his Amended Motion for Party Joinder and Motion for PR

Bond.

## IV.    CONCLUSION

For the reasons stated above, the Court will dismiss without prejudice Peachey's Section

2241 petition for lack of subject-matter jurisdiction, deny as moot his other motions, and direct

the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

submissions in his criminal case during this period.  See Peachey I, ECF Nos. 382–92, 394–414.
Thus, Peachey was largely responsible for any "delays" in the resolution of his Section 2255
motion and, consequently, he cannot show that his Section 2255 proceedings in the DSD are
inadequate or ineffective.  See McCarthy, 245 F. App'x at 120.